## WARE v. HENDERSON.

1. A question of jurisdiction may be first raised in this court, and is not waived by a failure to make the objection in the court below.
2. The Court of Common Pleas of Abbeville had no jurisdiction to render judgment against an administrator (resident in Greenville) of an intestate (also resident in Greenville) for an account of his administration of an estate of which he had been appointed receiver in Abbeville, where the estate was located.
3. Cause remanded, with leave to apply for a change of venue.

Before PRESSLEY J., Abbeville, April, 1885.

The opinion sufficiently states the case.

*Messrs. Stokes & Irvine* and *Perrin & Cothran*, for appellants.

*Messrs. W. O. Bradley* and *W. H. Parker*, contra.

October 22, 1886.  The opinion of the court was delivered by

MR. JUSTICE McIVER.  This action was commenced on August 24, 1883, in the County of Abbeville, against the defendant as administratrix, with the will annexed, of E. S. Irvine, deceased, and as his legatee and devisee, for an account of the estate of the plaintiffs which was in the hands of the said E. S. Irvine as receiver, in which judgment is demanded against the defendant, as well as such administratrix, as legatee and devisee, on account of assets descended, for any balance that may be found due upon such accounting.  The said E. S. Irvine, though appointed receiver in the County of Abbeville, where the estate placed in his charge was located, and where he made his returns as receiver, was a resident of Greenville County, and so continued up to the time of his death, and all his real estate is located in the last

mentioned county. The defendant was, at the time of the commencement of this action, and is yet, a resident of the County of Greenville, where she qualified as administratrix, made her returns as such and received her final discharge, upon her *ex parte* application for that purpose, though she undertook to make a final return and settlement of the accounts of her testator as receiver before the judge of probate for Abbeville County.

The case was heard by Judge Pressley while holding the Court of Common Pleas for Abbeville County, who rendered a judgment in favor of the plaintiffs, from which the defendant appeals upon several grounds affecting the merits, and also upon the ground that the court in Abbeville had no jurisdiction of the case against the defendant, who is a resident of the County of Greenville. This question of jurisdiction does not seem to have been raised in the Circuit Court, and therefore the Circuit Judge made no ruling upon it. But, as has been frequently held, a question of jurisdiction may, for the first time, be raised in this court, and therefore we must first determine that question before we can look into the merits; for if it shall be determined that the court which undertook to render judgment in this case had no jurisdiction of it, then the so-called judgment is a mere nullity, and there would be no necessity or propriety for us to inquire into the reasons upon which it was based.

The question is, could the court in Abbeville take jurisdiction of this case against the defendant, who is a resident of Greenville, unless the place of trial had been changed to the County of Abbeville by an order of the court under section 147, of which there is no pretence in this case? The code, after providing that certain specified actions, of which this is not one, must be tried in certain places, proceeds, in section 146, as follows: "In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action; * * * subject, however, to the power of the court to change the place of trial in the cases as hereinafter provided." It will be observed that the language used in these sections of the code in regard to the place of trial is of an imperative character—"must be tried" in sections 144 and 145, and "shall be tried" in section 146—and we do not see by what authority a court can dis-

regard such an imperative mandate from the law-making power. This language clearly implies that a case cannot be tried elsewhere than in the place appointed for the purpose, unless the place of trial be changed under section 147 of the code; and therefore if tried in the wrong county, the trial and the judgment entered therein are nullities for want of jurisdiction.

This has been distinctly held in one case (*Trapier* v. *Waldo*, 16 *S. C.*, 276[1]) and very plainly intimated in another (*Steele* v. *Exum*, 22 *S. C.*, 276), where the exact point did not arise. For in *Trapier* v. *Waldo*, while the court held that the court in Charleston had acquired jurisdiction over the persons of those who had been made parties to a case for the foreclosure of a mortgage of real estate lying in Georgetown County, prior to the repeal of the first paragraph of section 149 of the old Code, yet, as to parties who were brought in by amendment, subsequent to such repeal, it could not take jurisdiction and the judgment as to them was therefore void. (*Note.*—In examining this case it will be necessary to bear in mind that the sections of the code are not now numbered as they were when the opinion in *Trapier* v. *Waldo* was filed.) So in the case of *Steele* v. *Exum, supra,* the Chief Justice uses this language: "It may be true, no doubt it is, that so far as the trial of the cause upon its merits is concerned, that court had no jurisdiction, as under the code, *supra,* the defendants residing in other counties, the trial could not be had in Williamsburg; but did it not nevertheless have jurisdiction as to changing the place of trial?" and the case goes on to decide the only question then before the court, to wit: that the court did have jurisdiction of the motion to change the place of trial, and again uses this language: "But it is only because the court cannot have such complete jurisdiction that the power in question has been conferred." This language plainly and necessarily recognizes the idea that, while a court sitting for a county in which an action is improperly brought, may take jurisdiction of a motion to change the place of trial, yet it has not such complete jurisdiction of the case as would enable it to proceed with the trial of the cause on the merits. See also *Tate & Thompson* v. *Blakely*, 3 *Hill*, 298.

---

[1] See, too, *Bacot* v. *Lowndes*, 24 *S. C.*, 392.—REPORTER.

The cases of *Lebeschultz* v. *Magrath* (9 *S. C.*, 276), and *Parker* v. *Grimes* (*Ibid.*, 284), arose prior to the amendment of section 149 of the old Code, and therefore do not now apply. For that section as originally adopted, and as it read at the time those cases were decided, contained an express provision that if the action was not commenced in the proper county, the case might nevertheless be there tried, unless the defendant took the proper steps to have the place of trial changed; and hence while that was the law no jurisdictional question could arise, because jurisdiction to try the case in the wrong county was expressly conferred by the statute, unless the defendant saw fit to use the means provided for changing the place of trial to the proper county. But when that portion of section 149, containing this provision was repealed, as it has been by the act of 1879 (17 *Stat.*, 14), the power to try a case in the wrong county has been taken away, and therefore it must be tried in the proper county, and the court of another county cannot take jurisdiction of it.

Respondents contend that this objection came too late, and that defendant, by submitting to the trial in Abbeville County without objection, has waived her right to have the place of trial changed. But if, as we have seen, the objection is jurisdictional, then such an objection never comes too late, and it is well settled that consent cannot give jurisdiction. *Gallman* v. *Gallman*, 5 *Strob.*, 207. Under the code as it originally read, a defendant could waive this objection, because the statute then provided: "If the county designated for that purpose in the complaint be not the proper county, the action may notwithstanding be tried therein, unless the defendant, before the time for answering expires, demand in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of parties, or by order of the court as is provided in this section." Hence if the defendant failed to take the proper steps, at the proper time, to have the place of trial changed, he waived the right to do so, and the statute expressly provided that the trial might be had in the wrong county.

But since the language just quoted has been stricken out of section 149 by the amendment of 1879, above referred to, and that section, now numbered 147, contains no such provision,

there is no authority for trying a case elsewhere than in the proper county, unless the place of trial is changed by the court under section 147, and no requirement that the defendant shall demand a change of the place of trial, failing in which will warrant a trial to be had in the wrong county. Nothing now remains but the imperative mandate that the action "shall be tried" in the county designated by the statute as the proper county for that purpose. The cases of *Green* v. *Bookhart* (19 *S. C.*, 466), and *Union Bank* v. *Northrop* (*Ibid.*, 473), are cases in reference to proceedings supplementary to an execution, in which it was held that mere irregularities will not affect the validity of such proceedings, and therefore do not apply here.

We think it clear, therefore, that the Court of Common Pleas for Abbeville County had no jurisdiction of this case, in which the only defendant is and was at the commencement of the action a resident of the County of Greenville; and that upon this ground alone, without reference to the merits, which it would be premature to consider now, the judgment appealed from must be set aside.

The judgment of this court is, that the judgment appealed from be set aside, solely on the ground of want of jurisdiction in the court which rendered it, without prejudice as to the merits, and that the case be remanded to the Court of Common Pleas for Abbeville County, so that the parties may, if they so desire, take the proper orders to change the place of trial.